# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
(Filed: July 3, 2017)

| | |
|---|---|
| * * * * * * * * * * * * * *  *<br>Z.H., *a minor, by her parents and natural* *<br>*guardians*, JEFF HOLMES and    *<br>CHRISTAL HOLMES,    *<br>    *<br>    Petitioners,    *<br>v.    *<br>    *<br>SECRETARY OF HEALTH    *<br>AND HUMAN SERVICES,    *<br>    *<br>    Respondent.    *<br>    *<br>* * * * * * * * * * * * * * | UNPUBLISHED<br><br><br><br>No. 16-123V<br><br>Chief Special Master Dorsey<br><br>Decision Based on Stipulation;<br>Influenza ("flu") Vaccine; Amplified<br>Pain Syndrome ("APS"). |

Clifford J. Shoemaker, Shoemaker, Gentry & Knickelbein, Vienna, VA, for petitioners.
Adriana Ruth Teitel, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION[1]

On January 27, 2016, Jeff and Christal Holmes ("petitioners") filed a petition for compensation in the National Childhood Vaccine Injury Program[2] on behalf of their minor child, Z.H. Petitioners alleged that Z.H. suffers from amplified pain syndrome ("APS") as a result of the influenza vaccination she received on February 1, 2013. Petition at ¶¶ 5, 14.

On June 30, 2017, the parties filed a stipulation in which they stated that a decision should be entered awarding compensation. Respondent denies that the influenza vaccination either caused or significantly aggravated Z.H.'s alleged injuries.

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012)(Federal Management and Promotion of Electronic Government Services). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A. The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties stipulate that petitioners shall receive the following compensation:

**A lump sum in the amount of $110,000.00 in the form of a check payable to petitioners, Jeff and Christal Holmes, as Guardians of the Estate of Z.H.**

This amount represents compensation for all damages that would be available under 42 U.S.C. §300aa-15(a). Stipulation at ¶8.

The undersigned approves the requested amount for petitioners' compensation. Accordingly, an award should be made consistent with the stipulation.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

s/Nora Beth Dorsey
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| Z.H., a minor, by her parents and natural guardians, JEFF HOLMES and CHRISTAL HOLMES, <br><br> Petitioners, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | No. 16-123V <br> Chief Special Master Dorsey <br> ECF |

## STIPULATION

The parties hereby stipulate to the following matters:

1. On behalf of their daughter, ZH, Jeff and Christal Holmes ("petitioners") filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to ZH's receipt of an influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. ZH received her flu vaccination on February 1, 2013.

3. The vaccine was administered within the United States.

4. Petitioners allege that ZH sustained a vaccine-related injury diagnosed as amplified pain syndrome ("APS") that was caused-in-fact by the flu vaccine. Petitioners further allege that ZH experienced the residual effects of her injury for more than six months.

5. Petitioners represent that there has been no prior award or settlement of a civil action for damages as a result of ZH's injury.

1

6. Respondent denies that ZH's alleged APS was caused-in-fact by her flu vaccine. Respondent further denies that the flu vaccine caused ZH any other injury or her current condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioners have filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of **$110,000.00** in the form of a check payable to petitioners as guardians/conservators of ZH's estate. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioners have filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioners and their attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

11. Payment made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, the money provided pursuant to this Stipulation will be used solely for the benefit of ZH as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. Petitioners represent that they presently are or within 90 days of the date of judgment will become, duly authorized to serve as guardians/conservators of ZH's estate under the laws of the State of New Jersey. No payments pursuant to this Stipulation shall be made until petitioners provide the Secretary with documentation establishing their appointment as guardians/conservators of ZH's estate. If petitioners are not authorized by a court of competent jurisdiction to serve as guardians/conservators of the estate of ZH at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as guardian/conservator of the estate of ZH upon submission of written documentation of such appointment to the Secretary.

14. In return for the payments described in paragraphs 8 and 9, petitioners, in their individual capacities and as legal representatives of ZH, on behalf of themselves, ZH, and her heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal

Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of ZH resulting from, or alleged to have resulted from, the flu vaccination administered on February 1, 2013, as alleged by petitioners in their petition for vaccine compensation filed on January 27, 2016, in the United States Court of Federal Claims as petition No. 16-123V.

15. If ZH should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

16. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

17. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

18. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused ZH to suffer APS or any other injury or her current condition.

4

19. All rights and obligations of petitioners hereunder shall apply equally to petitioners' heirs, executors, administrators, successors, and/or assigns as legal representatives of ZH.

END OF STIPULATION

/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/

Respectfully submitted,

PETITIONERS:

*[signature]*
JEFF HOLMES

*[signature]*
CHRSITAL HOLMES

ATTORNEY OF RECORD FOR PETITIONERS:

*[signature]*
CLIFFORD SHOEMAKER
Shoemaker, Gentry & Knickelbein
9711 Meadowlark Road
Vienna, VA 22182
(703) 281-5807

AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:

*[signature]*
CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:

*[signature]*
NARAYAN NAIR, M.D.
Director, Division of
Injury Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08-N146B
Rockville, MD 20857

ATTORNEY OF RECORD FOR RESPONDENT:

*[signature]*
ADRIANA TEITEL
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 616-3677

Dated: June 30, 2017