# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
(Filed: March 6, 2018)

| | | |
|---|---|---|
| * * * * * * * * * * * * * | * | UNPUBLISHED |
| Z.H., *a Minor, by her Parents and Natural* | * | |
| *Guardians*, JEFF HOLMES and | * | |
| CHRISTAL HOLMES, | * | |
|  | * | No. 16-123V |
| Petitioners, | * | |
| v. | * | Chief Special Master Dorsey |
|  | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs. |
| AND HUMAN SERVICES, | * | |
|  | * | |
| Respondent. | * | |
|  | * | |
| * * * * * * * * * * * * * | | |

Clifford J. Shoemaker, Shoemaker, Gentry & Knickelbein, Vienna, VA, for petitioners.
Adriana Ruth Teitel, U.S. Department of Justice, Washington, DC, for respondent.

**DECISION AWARDING ATTORNEYS' FEES AND COSTS**[1]

On January 27, 2016, Jeff and Christal Holmes ("petitioners") filed a petition for compensation in the National Childhood Vaccine Injury Program[2] on behalf of their minor child, Z.H. Petitioners alleged that Z.H. suffers from amplified pain syndrome ("APS") as a result of the influenza vaccination she received on February 1, 2013. Petition at ¶¶ 5, 14. On July 3, 2017, the undersigned issued a decision based on the parties' stipulation, awarding petitioners a lump sum of $110,000.00. Decision dated July 3, 2017 (ECF No. 43).

---

[1] This decision will be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)B), however, the parties may objection to the published Decision's inclusion of certain kinds of confidential information. Specifically, Under Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public in its current form. Id.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

On November 29, 2017, petitioners filed a motion for attorneys' fees and costs, requesting $28,366.35 in attorneys' fees and $7,680.16 in costs, for a total of $36,046.51. Petitioners' Application ("Pet. App.") dated Nov. 29, 2017 (ECF No. 47). In accordance with General Order #9, petitioners filed a signed statement indicating that they did not incur any personal costs. Id. at 2.

On December 13, 2017, respondent filed a response to petitioners' motion for attorneys' fees and costs. Respondent's Response ("Resp.") dated Dec. 13, 2017 (ECF No. 48). Respondent did not raise any objections and deferred to the undersigned's discretion to determine an appropriate award of attorneys' fees and costs. Id. at 3.

This matter is now ripe for adjudication on petitioners' motion for attorneys' fees and costs. For the foregoing reasons, the undersigned GRANTS petitioners' motion for attorneys' fees and costs and awards a total of $34,574.61.

**I. Discussion**

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. §300aa-15(3)(1). Petitioners in this case were awarded compensation pursuant to a stipulation, and therefore they are entitled to an award of reasonable attorneys' fees and costs.

**a. Reasonable Attorneys' Fees**

The Federal Circuit has approved the use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonable expended on the litigation times a reasonable hourly rate.'" Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health & Human Servs., 85 Fed. Cl. 313, 316-18 (Fed. Cl. 2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health & Human Servs., 3 F.2d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by respondent and without providing the petitioner notice and opportunity to respond. See Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 209 (Fed. Cl. 2009). A special master need not engage

in a line-by-line analysis of petitioner's fee application when reducing fees.  Broekelschen v. Sec'y of Health & Human Servs., 102 Fed. Cl. 719, 729 (Fed. Cl. 2011).

### i. Hourly Rates

Petitioner requests hourly rates for Mr. Shoemaker as follows: $415.00 per hour for work performed in 2015, $430.00 per hour for work performed in 2016, and $440.00 per hour for work performed in 2017.  Pet. App. at 1-6.  Ms. Gentry requests hourly rates of $415.00 per hour for work performed in 2016 and $430.00 per hour for work performed in 2017.  Id. at 6-9.  Ms. Knickelbein requests $350.00 per hour for work performed in 2015, $365.00 per hour for work performed in 2016, and $378.00 per hour for work performed in 2017.  Id. at 10-13.

With the exception of Ms. Gentry's 2017 hourly rate, the undersigned finds all of petitioner's requested hourly rates reasonable, as they fall within the Office of Special Masters' 2015-2017 Fee Schedules.[3]  However, Ms. Gentry's 2017 hourly rate of $430.00 per hour requires adjustment.  Ms. Gentry has been practicing law for approximately 22 years and has significant experience in the Vaccine Program.  She falls into the category of attorneys with 20-30 years of legal experience, for which the 2017 fee range is $358.00 to $424.00 per hour.  Ms. Gentry's rate of $430.00 per hour for work performed in 2017 is thus excessive and will be adjusted to $424.00.[4]  This results in a decrease of $56.40 to petitioners' fee application.[5]

### ii. Time Billed

While petitioners are entitled to an award of attorneys' fees and costs, the undersigned finds that a reduction in the number of hours billed by petitioners' counsel is appropriate because counsel requests compensation at an attorney's hourly rate for paralegal work, and because counsel's billing records contain numerous entries which are duplicative, as work was performed by three senior law firm partners.  Because multiple attorneys worked on the case simultaneously, many of the billing entries are excessive and duplicative.

For these reasons, and after carefully reviewing petitioners' application, the

---

[3] The 2015-2016 Hourly Rate Fee Schedule can be accessed at: www.uscfc.uscourts.gov/sites/.../Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf. The 2017 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf.

[4] The undersigned notes that counsel has overbilled their hourly rates in previous applications for attorneys' fees and costs, which were denied.  In the future, counsel should refrain from requesting hourly rates higher than those listed in the Office of Special Masters' Fee Schedules. See Bookey v. Sec'y of Health & Human Servs., 13-26V, 2017 WL 2544892, at *2 (Fed. Cl. Spec. Mstr. May 18, 2017); Meramo v. Sec'y of Health and Human Servs., 15-1234V, 2017 WL 4321084 (Fed. Cl. Spec. Mstr. Sept. 1, 2017).

[5] Ms. Gentry billed a total of 9.4 hours of work on the case in 2017.  The hourly rate for these hours was reduced from $430.00 to $424.00.

undersigned reduces petitioners' attorneys' fees award. In making reductions, a line-by-line evaluation of the fee application is not required. Wasson, 24 Cl. Ct. at 484, rev'd on other grounds and aff'd in relevant part, 988 F.2d 131 (Fed. Cir. 1993). Special masters may rely on their experience with the Vaccine Act and its attorneys to determine the reasonable number of hours expended. Id. Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993).

### 1. Paralegal Time

It is well established that attorneys who bill for performing non-attorney-level work must appropriately reduce their hourly rate to reflect that of a legal secretary or paralegal. J.M. et al., 2016 WL 720969 at *5. After carefully reviewing petitioners' application for fees and costs, the undersigned finds that many of the entries billed by Ms. Knickelbein at her attorney hourly rate are more appropriately classified as paralegal time. For example, Ms. Knickelbein billed time to check medical records for completeness, make telephone calls to medical providers, and to prepare exhibits. At least two hours of attorney time billed by Ms. Knickelbein is more appropriately characterized as paralegal work.[6]

### 2. Duplicative Billing Entries

The undersigned has previously found it reasonable to reduce attorneys' fees awards due to duplicative billing. See Lord v. Sec'y of Health & Human Servs., No. 12-255V, 2016 WL 3960445 (Fed. Cl. Spec. Mstr. June 30, 2016); Ericzon v. Sec'y of Health & Human Servs., No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016); Sexton v. Sec'y of Health & Human Servs., No. 99-453V, 2015 WL 7717209 (Fed. Cl. Spec. Mstr. Nov. 9, 2015); J.M. et al., 2016 WL 720969; Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 214-15 (2009) (affirming the special master's reduction of fees for overstaffing where three attorneys from two different firms worked on a case together). The undersigned and other special masters have previously noted the inefficiency that results when multiple attorneys work on one case.

The undersigned finds some of petitioners' requested fees unreasonable, unnecessary, and duplicative. Three law firm partners worked on petitioners' case, including Mr. Shoemaker, Ms. Gentry, and Ms. Knickelbein. When looking closely at petitioners' application, the undersigned notes that much of the time billed by Mr. Shoemaker and Ms. Knickelbein is duplicative, as they were both billing time for reviewing medical records, orders, and status reports.[7] Petitioners have not provided a sufficient explanation as to why the involvement of three law firm partners in a single case is necessary.

---

[6] See Pet. App. at 10-12.

[7] Compare Pet. App. at 3-4 (Mr. Shoemaker's time) with Pet. App. at 12-13 (Ms. Knickelbein's time) (indicating that Mr. Shoemaker and Ms. Knickelbein both billed for reviewing orders, pleadings, and billed time for emailing each other about these documents).

4

The undersigned has previously found that the reviewing of documents by multiple attorneys leads to excessive billing. See Lord, 2016 WL 3960445, at *7; Cozart v. Sec'y of Health & Human Servs., No. 00-590V, 2016 WL 5766359 (Fed. Cl. Spec. Mstr. Sept. 7, 2016). Similar to the law firm's practices in Lord and Cozart, the attorneys in this case billed excessive hours to review court orders and filing notifications. Petitioners' fee application also contains entries in which attorneys explicitly billed time for performing the same tasks. In petitioners' fee application, there are at least 49 entries, totaling over 5 hours, in which attorneys billed time to review orders and notifications in this case.[8] Multiple attorneys reviewed the same orders and notifications and all billed time for doing so. Billing records further show that Mr. Shoemaker spent at least 2.3 hours reviewing medical records and that Ms. Gentry spent at least 7.5 hours reviewing medical records.[9] Such duplicative review is unnecessary and excessive.

Petitioners' counsel also billed excessive time for intra-office communications, including numerous emails and intra-office discussions. All three partners have multiple entries on their time sheets for sending emails to each other and to support staff. For example, at least 42 of Mr. Shoemaker's billing entries are related to emailing or otherwise discussing the case with Ms. Gentry, Ms. Knickelbein, and/or support staff.[10]

Other special masters as well as the undersigned have reduced fee awards for excessive and duplicative intraoffice communication. See Lord, 2016 WL 3960445, at *7; Ericzon, 2016 WL 447770, at *4; Austin v. Sec'y of Health & Human Servs., No. 10-362V, 2013 WL 659574, at *14 (Fed. Cl. Spec. Mstr. Jan. 31, 2013) (Special Master Vowell deducted fees for excessive intra-office communication in a case where seven attorneys at CHCC billed for attending conferences and drafting memoranda about the case); Soto v. Sec'y of Health & Human Servs., No. 09-897V, 2011 WL 2269423, at *6-8 (Fed. Cl. Spec. Mstr. June 7, 2011) (Special Master Millman reduced CHCC's fees for intra-office communications and meetings); Carcamo v. Sec'y of Health & Human Servs., No. 97-483V, 2011 WL 2413345, at *7 (Fed. Cl. Spec. Mstr. May 20, 2011) (Special Master Millman reduced fees when two attorneys at the Law Offices of Dale K. Galipo billed for the same meetings with a client).

For these reasons, the undersigned reduces petitioners' fee application by five percent, or $1,415.50.

### b. Reasonable Costs

Petitioners request costs in the amount of $7,680.16, which includes expenses such as payment of medical records, photocopies, and the filing fee, as well as attorneys' costs for preparing the guardianship order and retaining a guardian ad litem. Pet. App. at 13-14.

---

[8] See Pet. App. at 3-6, 11-13.

[9] See Pet. App. at 2, 6-7.

[10] See Pet. App. at 1-6.

After reviewing petitioners' expenses, the undersigned finds all costs reasonable and will reimburse them in full.

## II. Conclusion

Based on all of the above, the undersigned finds that petitioners are entitled to a reimbursement of attorneys' fees and costs. The award is calculated as follows:

**Attorneys' Fees**
| | |
|---|---|
| Requested: | $28,366.35 |
| Hourly Rate Adjustment: | ($56.40) |
| 5% Reduction: | ($1,415.50) |
| **Total Fees Awarded:** | **$26,894.45** |

**Costs**
| | |
|---|---|
| Requested: | $7,680.16 |
| Reductions: | ($0.00) |
| **Total Costs Awarded:** | **$7,680.16** |

**Accordingly, the undersigned awards a lump sum in the amount of $34,574.61, representing reimbursement for attorneys' fees and costs, in the form of a check jointly payable to petitioners, Mr. Jeff and Mrs. Christal Holmes, and the law firm of Shoemaker, Gentry, and Knickelbein.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[11]

**IT IS SO ORDERED.**

                                          s/Nora Beth Dorsey
                                              Nora Beth Dorsey
                                              Chief Special Master

---

[11] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.